## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

DUREGINALD COX,

       Petitioner,

v.                                  Case Number: 2:08-cv-13434

LLOYD RAPELJE,

       Respondent.

_____/

### OPINION AND ORDER (1) GRANTING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT, (2) DENYING PETITIONER'S MOTION FOR ORDER FOR STAY AND ABEYANCE OF PETITION, (3) DENYING THE PETITION FOR A WRIT OF HABEAS CORPUS, AND (4) DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY

Petitioner Dureginald Cox filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner, currently incarcerated at the Saginaw Correctional Facility in Freeland, Michigan, challenges his conviction for first-degree murder. Now before the court are Respondent's "Motion for Summary Judgment and Dismissal of Petition" on the ground that it was not timely filed and Petitioner's "Motion for Order for Stay and Abeyance." For the reasons stated below, the court grant Respondent's motion for summary judgment, deny Petitioner's motion for a stay, deny Petitioner's petition for a writ of habeas corpus, and decline to issue a certificate of appealability.

### I. BACKGROUND

Following a jury trial in Recorder's Court for the City of Detroit, Petitioner was convicted of first-degree felony murder. On March 11, 1993, he was sentenced to life imprisonment. He filed an appeal of right in the Michigan Court of Appeals. The

Michigan Court of Appeals affirmed his conviction. *People v. Cox*, No. 164357 (Mich. Ct. App. Mar. 30, 1995). Petitioner filed an application for leave to appeal in the Michigan Supreme Court, which denied leave to appeal. *People v. Cox*, No. 103037 (Mich. Jan. 30, 1996).

Over five year late, on March 6, 2001, Petitioner filed a motion for relief from judgment in the trial court. Petitioner was notified in October of 2002 that the court had misplaced his motion for relief from judgment and the court requested that he resubmit the motion. Petitioner resubmitted the motion and it was denied. *People v. Cox*, No. 92-008015-01 (Wayne County Cir. Ct. Mar. 23, 2004). Petitioner states that he did not receive a copy of the trial court's order denying his motion until February 22, 2006. He filed another motion for relief from judgment and a motion for correction of sentence. The trial court denied the motion. *People v. Cox*, No. 92-008015-01 (Wayne County Cir. Ct. Apr. 10, 2006). Petitioner then filed applications for leave to appeal in the Michigan Court of Appeals and Michigan Supreme Court. Both state appellate courts denied leave to appeal. *People v. Cox*, 278629 (Mich. Ct. App. June 21, 2007); *People v. Cox*, No. 134585 (Mich. Aug. 13, 2007).

On August 8, 2008, Petitioner filed the pending petition for a writ of habeas corpus. Respondent has filed a motion for summary judgment and dismissal of the petition, arguing that the petition was not timely filed. Petitioner has filed a "Motion for Order for Stay and Abeyance."

2

## II.  DISCUSSION

Respondent has filed a Motion for Summary Judgment on the ground that the petition was not timely filed.  The Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104-132, 110 Stat. 1214 ("AEDPA" or "the Act") imposes a one-year limitations period on habeas corpus petitions.  A prisoner must file a federal habeas corpus petition within one year of the "date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).  The time during which a prisoner seeks state-court collateral review of a conviction does not count toward the limitations period.  28 U.S.C. § 2244(d)(2).  However, a properly filed application for state post-conviction relief, while tolling the statute of limitations, does not serve to restart the limitations period.  *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003).

In this case, Petitioner's time for filing a petition for a writ of certiorari in the United States Supreme Court – initiating the final phase of his direct review –  began to run on January 31, 1996, the day after the Michigan Supreme Court denied leave to appeal his conviction.  *Bronaugh v. Ohio*, 235 F.3d 280, 284-85 (6th Cir. 2000) (citing Supreme Court Rule 30 which states that in calculating the ninety-day window for filing a petition for writ of certiorari, "the day of the act, event, or default from which the designated period begins to run is not included").  The ninety-day period during which Petitioner could petition for a writ of certiorari concluded on April 30, 1996.  The last day on which a petitioner can file a petition for a writ of certiorari in the United States Supreme Court is not counted toward the one-year limitations period applicable to habeas corpus petitions.  *Id.* at 285.  Accordingly, the limitations period commenced on

3

May 1, 1996.  The limitations period continued to run, uninterrupted, until it expired on

May 1, 1997.  Petitioner filed a motion for relief from judgment on March 6, 2001.

However, that motion did not serve to toll the limitations period as it was filed almost

four years after the limitations period expired.

Petitioner admits that his petition was not timely filed, but asks the court, through

his current motion, to nevertheless stay his pending petition so that he may return to

state court to present unexhausted claims.  A prisoner who has not yet exhausted his or

her state court remedies may file a "'protective' petition in federal court and ask[] the

federal court to stay and abey the federal habeas proceedings until state remedies are

exhausted." *Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005), *citing Rhines v. Weber*,

544 U.S. 269 (2005).  The stay-and-abey procedure was adopted to ensure habeas

review is not precluded in the class of cases where a timely-filed petition was dismissed

without prejudice on exhaustion grounds, but any subsequent petition raising the same

claims after the exhaustion of the state remedies would be subject to dismissal with

prejudice as time-barred.  *Rhines*, 544 U.S. at 275.  In this case, the pending petition

was not timely filed in the first place.  Therefore, the stay-and-abey procedure is

inappropriate and Petitioner's motion is denied.

### III.  Certificate of Appealability

A petitioner must receive a certificate of appealability ("COA") in order to appeal

the denial of a habeas petition for relief from either a state or federal conviction.  28

U.S.C. §§ 2253(c)(1)(A), (B).  A district court, in its discretion, may decide whether to

issue a COA at the time the court rules on a petition for a writ of habeas corpus or may

wait until a notice of appeal is filed to make such a determination.  *See Castro v. United*

4

*States*, 310 F.3d 900, 903 (6th Cir. 2002); *Lyons v. Ohio Adult Parole Auth.*, 105 F.3d 1063, 1072 (6th Cir. 1997), *overruled in part on other grounds by Lindh v. Murphy*, 521 U.S. 320 (1997).  In denying the habeas petition, the court has studied the case record and the relevant law, and concludes that, as a result, it is presently in the best position to decide whether to issue a COA.  *See Castro*, 310 F.3d at 901 (quoting *Lyons*, 105 F.3d at 1072 ("[Because] 'a district judge who has just denied a habeas petition . . . will have an intimate knowledge of both the record and the relevant law,'" the district judge is, at that point, often best able to determine whether to issue the COA.)).

A court may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  A petitioner must "sho[w] that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'"  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  In this case, the court concludes that reasonable jurists would not debate the court's conclusion that the petition is untimely.  Therefore, the court will decline to issue a certificate of appealability.

### IV. CONCLUSION

IT IS ORDERED that Respondent's "Motion for Summary Judgment . . . " [Dkt. #8] is GRANTED.

IT IS FURTHER ORDERED that Petitioner's "Motion for Stay . . . " [Dkt. # 9] is DENIED and his Petitioner for a writ of habeas corpus [Dkt. #1] is DENIED.

Finally, IT IS ORDERED that the court DECLINES to grant Petitioner a certificate of appealability.

s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  June 29, 2009

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, June 29, 2009, by electronic and/or ordinary mail.

s/Lisa G. Wagner
Case Manager and Deputy Clerk
(313) 234-5522